1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney

2  DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  LAURIE KLOSTER GRAY (MNBN 0153618)
   Assistant United States Attorney
5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-6557
         Fax: (415) 436-7234
7        Laurie.kloster.gray@usdoj.gov

8  Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRY AUSTIN,<br><br>    Defendant. | CR 15-00510 HSG<br><br>[PROPOSED] ORDER OF DETENTION PENDING TRIAL |

Defendant Terry Austin is charged in a one-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). Clerk's Record ("CR"):9. On September 16, 2015, defendant made his initial appearance on the criminal Complaint. CR:2. At that time, the government moved for the defendant's detention pursuant to 18 U.S.C. § 3142 and requested a detention hearing as permitted by 18 U.S.C. § 3142(f). *Id*. The Court set the matter for a detention hearing on September 17, 2015. *Id*. On September 17, 2015, the Court appointed Paul Demeester to represent defendant and continued the detention hearing until September 25, 2015. CR:5. On September 25, 2015, defendant waived detention and asked that the Court continue the matter to November 2, 2015 for status regarding defendant's October 16, 2015, state sentencing and for status on the government's request to proceed

with its federal prosecution of defendant. CR:7. The Court ordered defendant detained and continued the case until November 2, 2015. *Id.*

On November 2, 2015, the Court arraigned defendant on an Indictment that the grand jury returned on October 29, 2015. CR:10. Defense counsel renewed his request that defendant be released on bail. *Id.* The United States moved the Court to detain defendant as both a flight risk and danger to the community. *Id.* Following a hearing that included defendant's proffer of possible sureties, the Pretrial Services bail study, oral proffers of counsel as reflected on the record, and consideration of the factors set forth in 18 U.S.C. § 3142(g), the Court ordered defendant detained. *Id.* It found that the government had met its burden of showing by clear and convincing evidence that no condition or combination of conditions in 18 U.S.C. § 3142(c) would reasonably assure the safety of any other person and the community. *Id.*

Specifically, the Court considered the nature and circumstances of the offense, pursuant to 18 U.S.C. § 3142(g)(1) and the government's proffer that the offense involved a firearm; the weight of the evidence against defendant, pursuant to 18 U.S.C. § 3142(g)(2) and the government's proffer that defendant admitted to possessing the charged firearm; the history and characteristics of defendant, pursuant to 18 U.S.C. § 3142(g)(3), which included defendant's criminal history as detailed in the Pretrial Services bail study and summarized by the government at the hearing; and the nature and seriousness of the danger to any person or the community that would be posed by defendant's release, pursuant to 18 U.S.C. § 3142(g)(4) and the government's proffer that the offense involved an exchange of gunfire on a public street in the middle of the afternoon and that defendant had been involved in prior shoot outs. Based on these factors, and the other specific factors detailed in the Pretrial Services Report, the Court found that defendant posed a danger to the community if released. Therefore, the Court ordered defendant detained finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. 18 U.S.C. § 3142(i)(3). On order

1  of a court of the United States or on request of an attorney for the government, the person in charge of
2  the corrections facility must deliver the defendant to the United States Marshal for court appearances.
3  18 U.S.C. § 3142(i)(4).

5      IT IS SO ORDERED.

7  DATED: November 10, 2015

                                                   *Kandis Westmore* (signature)
HON. KANDIS A. WESTMORE
United States Magistrate Judge